# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TIMOTHY DUANE PRICE,**

    **Plaintiff,**

**v.**                                                             Case No: 6:21-cv-1345-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIB"), alleging August 21, 2017, as the disability onset date. (Doc. 26 at 1.) In a decision dated March 9, 2021, the Administrative Law Judge (the "ALJ") found that Plaintiff was not disabled. (Tr. 23.) Plaintiff has exhausted the available administrative remedies and the case is properly before this Court. The undersigned has reviewed the record, the Joint Memorandum (Doc. 26), and the applicable law. Upon consideration, the Court determines that the Commissioner's final decision is due to be reversed.

---

[1] On October 20, 2021, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 17.) Accordingly, the case was referred to the undersigned by an Order of Reference on January 20, 2022. (Doc. 14.)

## I. ISSUE ON APPEAL

The sole issue on appeal is whether the ALJ applied the correct legal standards of supportability and consistency in evaluating Dr. Calla's residual functional capacity ("RFC") questionnaire and whether the ALJ's ultimate RFC determination is supported by substantial evidence.

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. ANALYSIS

Plaintiff contends that a comprehensive review of the record does not support the ALJ's determination that Dr. Calla's[2] opinion is "unpersuasive" (Doc. 26 at 17) and that the ALJ's findings are therefore "not supported by substantial evidence." (*Id.* at 25.) The Commissioner argues that "[t]he ALJ properly evaluated Dr. Calla's

---

[2] Dr. Calla has treated Plaintiff since August 2016 as his primary care physician. (Doc. 26 at 4.)

medical opinion, and substantial evidence supports her conclusion that the opinion is unpersuasive." (*Id.* at 25.)

Under the revised Social Security Administration regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[3] 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations

---

[3] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id*. In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

In August 2020, Dr. Calla opined that Plaintiff could not lift or carry more than 10 pounds, could not sit for more than two hours during the course of a workday, and for no more than one hour at a time, and that Plaintiff would need to miss more than four workdays per month. (Tr. 393–97.) The ALJ found Dr. Calla's medical opinions to be inconsistent with the record as a whole, ultimately concluding:

> The record has documented improvement in the claimant's functioning. For example, a December 4, 2020, entry noted the claimant's gait was wide-based, but that he was able to ambulate with a cane, and maintained intact sensation and normal deep tendon reflexes. A monofilament test was intact (Ex. 10F, page 4). November 13, 2020, entry noted that claimant maintained active dorsi- and plantar-flexion, as well as inversion and eversion. The claimant's gait was antalgic, similar to earlier entries, but he was ambulatory (Ex. 11F, page 1). A November 4, 2020, entry noted normal curvature in the claimant's back, and that he retained normal muscle tone and strength, with normal movement in his extremities, without evidence of edema or cyanosis,

> which is iconsistent [sic] with Dr. Calla's conclusions concerning the claimant's ability to life and carry. Again, the claimant was able to ambulate with a cane. . . . A July 7, 2020, examination noted that claimant's left foot tenderness and limited range of motion, but also that claimant was able to ambulate with a cane. The claimant's sensation remained intact, and he had normal motor strength and muscle tone, along with full range of motion in his neck and normal curvature in his back (Ex. B7F, page 8; and B10F, page 15).

(Tr. 21.)

The ALJ's analysis does not sufficiently explain how Dr. Calla's opinions as to Plaintiff's ability to lift weight and sit while at work contradict the record as a whole. More importantly, even if the undersigned were to find the ALJ's analysis to be sufficient as to the consistency factor, the ALJ wholly failed to articulate how his reasoning is related to the supportability factor, or otherwise explain his consideration of the factor. *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."); *Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM, 2008 WL 876961, at *8 (M.D. Fla. Mar. 27, 2008) ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion.").

The Commissioner argues that the ALJ's conclusion was in line with a supportability and consistency analysis (Doc. 26 at 30); however, the Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Because the ALJ did not fully explain her consideration of consistency and failed to

address supportability in relation to Dr. Calla's opinion, the undersigned is unable to say the ALJ's determination is supported by substantial evidence. *Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-Orl-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (noting that when evaluating medical opinions under the new regulations, the ALJ must "*explain* his decision, particularly with respect to supportability and consistency") (emphasis in original). Additionally, although the Commissioner has examined the record and attempts to provide support for the ALJ's assessment of Dr. Calla's opinions, such *post-hoc* rationalizations do not provide the basis for judicial review of an administrative decision. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983); *Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010).

Since the Court finds reversal is warranted based on the ALJ's error, the undersigned need not consider Plaintiff's remaining arguments at this time. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (stating that the claimant's other assignments of error will not be discussed since the court already found grounds for reversal).

## IV.  CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2022.

```
                              _____
                              EMBRY J. KIDD
                              UNITED STATES MAGISTRATE JUDGE
```